## HOCKING POWER CO. v. JACKSON (city) et.

Ohio Appeals, 4th Dist., Jackson Co. Decided May 20, 1930

E. E. Eubanks, Jackson, for Power Co.
Frank DeLay, City Solicitor, Jackson, for City.

## BLOSSER, J.

We have examined the rceord and can not find that the assessment is in excess of the benefits nor that there has been a discrimination against the plaintiff. When an assessing board has made an assessment there is a presumption in favor of its validity. This assessment was made according to benefits and it is presumed that the acts of the assessing board and officers were regular and the assessments made according to the benefits conferred.

"Where, however, the proper municipal authorities have determined that the assessment does not exceed the benefits such finding and assessment are prima facie correct, and the court should not interfere to disturb the assessment unless so manifestly unjust as to be tantamount to fraud on the part of the authorities."

**Ellis' Ohio Municipal Code, 8 Ed., page 348.** Citing.

**Price v. Toledo, 25 C. C. 617, 4 C. C. (n.s.) 57** and other cases.

The burden of proof is on the plaintiff to show that the assessment exceeds the benefits. **Yost v. Railway Co., 2 O. C. C. (n.s.) 519, Prentice v. Toledo, 11 O. C. (n. s.) 299.**

From a review of the evidence we are unable to say that the assessing board acted in bad faith or that its action in making the apportionment was manifestly unjust or amounted to fraud on the part of the authorities.

Another question, however, arises as to whether the assessment exceeds one third of the value of the premises of the plaintiff with the improvements thereon. The lot in question has been improved by fencing and placing thereon a lot of slag and cinders, a garage, a sub-station structure consisting of four upright steel posts resting on concrete. Surrounding this is a permanent and expensive metal fence and guard wire. Inside of these uprights are the transformers, which rest upon a concrete base fifteen feet square which is embedded in the soil. These transformers are very heavy and are held in place by gravity, and are not bolted or otherwise fastened except that they are attached and connected by electric wires. If these transformers may be regarded as fixtures then there can be no question but that the value of the property exceeds three times the amount of the assessment. The precise question does not seem to have been decided by the courts but on principle and after a consideration of the rules governing such cases we are of the opinion that the transformers and the steel structures, as well as the fence and garage, are fixtures and form a part of the real estate. The transformers were installed for permanent use and are only removed in case it is necessary to replace them after being worn out or they are removed for the purpose of repairs. On account of their great weight, they are just as permanently attached to the concrete base as tho they were held in place by bolts or clamps. The concrete base which is deeply embedded in the soil was constructed for the sole purpose of supporting the transformers, and the base and transformers are used together as part of the same plant. The transformers could not be used without the concrete base, and it could not be removed without permanent injury to the freehold. The transformers are also connected with the plant by wires. The housing, steel structure, fence, transformers, wires and the concrete base are all used as a unit to form one plant. If tested by the rules of the courts governing fixtures we conclude that the transformers are a part of the real estate.

Finding that the value of the property is more than three times the amount of the assessment, and that the plaintiff has not proved its other contentions by the degree of proof required, the injunction will be denied.

MIDDLETON, P.J., and MAUCK, J., concur.